### COMMONWEALTH *vs.* JOSEPH TINKHAM.

Error in the sentence of a justice of the peace is no ground for dismissing the complaint in the appellate court.

Evidence that a clerk's employer had prohibited him from selling intoxicating liquors in his shop is incompetent evidence in favor of the clerk when charged with such sales.

An unlawful sale of intoxicating liquor may be proved by other witnesses than the purchaser.

COMPLAINT to a justice of the peace, containing two counts, for unlawful sales of intoxicating liquors in Westfield, one to Lyman Crawford and the second to William E. Smith.

The record of the justice stated that the defendant, being arraigned, pleaded " that he will not contend with the Commonwealth, but submits to its grace. Whereupon it appears to

Commonwealth *v.* Tinkham.

said justice that the said Joseph is guilty of the offence afore-said;" and he was sentenced, and appealed to the May term of the court of common pleas in Hampden.

At that term, held by *Morris*, J., the defendant moved to dis-miss the complaint, because it did not appear by the record of the justice that the prosecutor assented to his plea of *nolo con-tendere*, as required by law. But the judge overruled the motion, and ordered the defendant to plead anew; and he then pleaded not guilty, under protest.

The court, against the defendant's objections, allowed the district attorney, without calling Crawford as a witness, to introduce the testimony of Smith and his son, that both the sales alleged were made by the defendant in the shop of Isaac H. Hudson, his employer; and excluded evidence offered by the defendant, that Hudson had forbidden him to sell any liquor in any of his buildings. The defendant, being found guilty, alleged exceptions.

He also moved in arrest of judgment, on the ground that the proceedings before the justice were irregular, and therefore the court of common pleas had no jurisdiction; and again excepted to the overruling of this motion.

*E. W. Bond*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J. This case was properly before the court of com-mon pleas. It came there by appeal taken by the defendant. It might have been properly taken from an erroneous judgment, and to avoid the effect of that judgment. *Commonwealth* v. *O'Neil*, 6 Gray, 345. Hence, assuming that the defendant's plea of *nolo contendere* before the justice ought not to have been received without the assent of the district attorney, as is prescribed in the *St.* of 1855, *c.* 215, § 35, and did not authorize the sentence passed thereon, yet that furnished no reason for discharging the defendant, and dismissing the case brought by him to the court of common pleas by appeal. Upon such appeal the case would proceed to trial under a proper plea by the defendant. In the present case that plea was "not guilty," and under that plea all the legal rights of the defendant were

secured. The proceedings were correct, and the motion in arrest of judgment must be overruled.

As to the defendant's exceptions to the ruling of the court: For the reasons already stated, the court properly ordered the defendant to plead anew. The testimony of Hudson was properly rejected. The fact that the defendant's employer had given him orders to sell no liquors was entirely immaterial upon the trial of an indictment against the clerk, where there was direct evidence of such sales. It might have been proper, had the master been indicted, to introduce evidence that such sales were against his orders and without his consent, or under circumstances by reason of which he was not responsible for the sale. But here the party making the sale was indicted; and the single question was, whether in fact he had made such sales. The sale to Crawford, charged in the first count, might well be proved by other testimony than Crawford himself, and it was so proved, as well as the sale to William E. Smith in the second count. *Exceptions overruled.*